Marshall, Ch. J.,
delivered the opinion of the court, as follows : — In this case, three points are made by the plaintiff in error on the letter which constitutes the basis of this action. He contends, 1st. That this letter being a collateral undertaking, and being addressed to John and Joseph Naylor ¿5 Go., the plaintiffs below cannot be admitted to prove by parol testimony, that it was intended for, and is, an assumpsit to John and Jeremiah Naylor. 2d. That the undertaking was conditional, and required notice to be given to the writer of the intent and nature of his liability. *8d. That it is confined to the shipments made during the year in which it was written. *•
On the first objection, the court has felt considerable difficulty. That the letter was really designed for John and Jeremiah Naylor cannot be doubted, but the principles which require that a promise to pay the debt of another shall be in writing, and which will not permit a written contract to *140 be explained by parol testimony, originate in a general and a wise policy, which this court cannot relax so far as to except from its operation cases within the principles. Already have so many cases been taken out of the statute of frauds, which seem to be within its lettex-, that it may well be doubted, whether the exceptions do not let in many of the mischiefs against which the rule was intended to guard. The best judges in England have been of opinion, that this relaxing construction of the statute ought not to be extended further than it has already been carried, and this court entirely concurs in that opinion.
On examining the cases which have been cited at the bar, it does not appear to the court, that they authorize the explanation of the contract which is attempted in this case. This is not a case of ambiguity. It is not an ambiguity patent, for the face of the letter can excite no doubt. It is not a latent ambiguity, for there are not two firms of the name of John and Joseph Naylor <fc Co., to either of which this letter might have been delivered. It is not a case of fraud. And if it was, a court of chaneexy would px-obably be the tribunal which would, if any could, afford redress. If it be a case of mistake, it is a mistake of the writer only, not of him by whom the goods *2361 wer® advanced, and who claims the benefit of the promise. *With-J out reviewing all the cases which have been urged from the bar, it may be said with confidence, that no one of them is a precedent for this.
A letter addressed, by mistake, it is admitted, to one house, is delivered to another. It contains no application or promise to the company to which it is delivered, but contains an application and a promise to a different company, not existing at that place. The company to which it is delivered are not imposed upon, with respect to the address, but knowing that the letter was not directed to them, they trust the bearex-, who came to make contracts, on his own account. In such a case, the letter itself is not a written contract between Daniel Grant, the writer-, and John and Jeremiah Naylor-, the persons to whom it was delivered. To admit parol proof to make such a contract, is going further than courts have ever gone, where the writing is itself the contract, not evidence of a contract, and where no pre-existing obligation bound the party to enter into it.
It being the opinion of a majority of the court, that John and Jeremiah Naylor could not maintain their action on this letter-, it becomes unnecessary to consider the other points which were made at the bar.
It is the opinion of this court, that the circuit court erred, in directing the jury that the evidence given by the plaintiffs in that court was proper and sufficient to support the issue on their part. The judgment of the circuit court is, therefore, to be reversed, and the cause sent back for further trial.
Judgment reversed.